IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI) | : : : : | Consolidated Under MDL DOCKET NO. 875 |
| FRANCES BRUCE TRAVIS, | : : | |
| Plaintiff, | : : | Case No. 09-70104 |
| v. | : : | Transferred from the |
| 3M CO., ET AL., | : : : | Southern District of New York |
| Defendants | : | |

# **M E M O R A N D U M**

EDUARDO C. ROBRENO, J.                                NOVEMBER 29, 2010

Before the Court is the report and recommendation ("R&R") issued by Magistrate Judge M. Faith Angell and Plaintiff's objections thereto. Magistrate Judge M. Faith Angell recommends that the Court grant United Gilsonite Laboratories' ("UGL") motion for summary judgment. Federal jurisdiction in this case is based on diversity of citizenship under 28 U.S.C. § 1332. The issue before the Court is product identification.

I.   BACKGROUND

Plaintiff Francis Bruce Travis ("Plaintiff") filed this action in the Supreme Court of the State of New York, alleging that Mr. Travis developed mesothelioma as a result of exposure to UGL asbestos-containing joint compound and joint cement while employed as a maintenance worker at the Pennbrook Apartment

Complex in Pennsylvania. (R&R at 1-2). The action was subsequently removed to the United States District Court for the Southern District of New York, and transferred to the Eastern District of Pennsylvania as part of MDL-875 on June 12, 2009. (Transfer Order, doc. no. 1).

Plaintiff contends that he was exposed to UGL asbestos-containing joint compound and joint cement while employed as a maintenance worker at the Pennbrook Apartment Complex in Pennsylvania for nine to ten months. (R&R at 2). Mr. Travis testified that his primary duties at the Pennbrook Apartment Complex included wall repair and painting. (Travis Depo., doc. no. 87-7 at 84-85). When asked to identify the manufacturers of products he used at the apartment complex, Mr. Travis responded, "I thought the outfit in the Scranton area, something labs, G-E-L [...] Yes, that was wallboard, drywall." Id. at 319-20. On the second day of his deposition, Mr. Travis testified that, "the company in Scranton, Pennsylvania, UGL or something like that" manufactured the drywall Mr. Travis worked with at the Pennbrook Apartment Complex. Id. at 430-31. Mr. Travis recalled using UGL drywall or wallboard about eighteen times in replacements and possibly for patching up holes. Id. at 431. Mr. Travis testified that to the best of his knowledge, UGL was the only manufacturer of the drywall. Id.

According to Thomas White, a corporate representative for

UGL, UGL has never manufactured, sold, or supplied any drywall, wallboard or sheetrock. (White affidavit, doc. no. 125-1 at ¶ 3).

UGL moved for summary judgment, arguing that there was no evidence that Mr. Travis was exposed to any UGL asbestos-containing products. (Def.'s Br. in Supp. Mot. Summ. J, doc. no. 93-3 at 1). Magistrate Angell issued her R&R on September 28, 2010, granting UGL's motion for summary judgment.

Plaintiff raises two objections to Magistrate Judge Angell's R&R. First, Plaintiff argues that the Report and Recommendation overlooked Mr. Travis' direct and implied identification of Defendant UGL, UGL's joint compound and spackle, and evidence establishing that Defendant's product contained asbestos. Second, Plaintiff argues that Plaintiff did not receive its opportunity to explain critical factual issues at oral argument.

For the reasons set forth below, Plaintiff's objections are overruled, and this Court adopts Magistrate Judge M. Faith Angell's R&R granting UGL's motion for summary judgment.

II.  LEGAL STANDARD

Pursuant to 28 U.S.C. § 636(b)(1)(C), "a judge of the Court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made. A judge of the Court may accept, reject, or modify, in whole or in part, the findings or recommendations made

by the magistrate judge." Id.

When evaluating a motion for summary judgment, Federal Rule of Civil Procedure 56 provides that the Court must grant judgment in favor of the moving party when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact . . . ." Fed. R. Civ. P. 56(c)(2). A fact is "material" if its existence or non-existence would affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue of fact is "genuine" when there is sufficient evidence from which a reasonable jury could find in favor of the non-moving party regarding the existence of that fact. Id. at 248-249. "In considering the evidence the court should draw all reasonable inferences against the moving party." El v. SEPTA, 479 F.3d 232, 238 (3d Cir. 2007).

Although the initial burden is on the summary judgment movant to show the absence of a genuine issue of material fact, 'the burden on the moving party may be discharged by showing – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case' when the nonmoving party bears the ultimate burden of proof." Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 140 (3d Cir. 2004) (quoting Singletary v. Pa. Dep't of Corr., 266 F.3d 186, 192 n.2 (3d Cir. 2001)). Once the moving party has thus

4

discharged its burden the nonmoving party "may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in [Rule 56] – set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

III. DISCUSSION

Mr. Travis' alleged exposure to UGL products occurred in Pennsylvania. Therefore, the parties have agreed that Pennsylvania law applies as to Plaintiff's claims against UGL. Under Pennsylvania law, a plaintiff must establish, as a threshold matter, "that [his or her] injuries were caused by a product of the particular manufacturer or supplier." Eckenrod v. GAF Corp., 544 A.2d 50, 52 (citing Wible v. Keene Corp., No. 86-4451, 1987 WL 15833 at *1 (E.D. Pa. 1987)(in order to defeat defendant's motion, plaintiff must present evidence showing that he or she was exposed to an asbestos product supplied by defendant). Beyond this initial requirement, a plaintiff must further establish that they worked with a certain defendant's product with the necessary frequency and regularity, and in close enough proximity to the product, to create a genuine issue of material fact as to whether that specific product was a substantial factor (and thus the proximate cause) of Plaintiff's asbestos related condition. Eckenrod, 544 A.2d at 52-53.

5

In addition to articulating the "frequency, regularity and proximity" standard, <u>Eckenrod</u> also held that "the mere fact that appellees' asbestos products came into the facility does not show that the decedent ever breathed these specific asbestos products or that he worked where these asbestos products were delivered." <u>Id.</u> at 53. <u>Gregg v. VJ Auto Parts, Co.</u>, 943 A.2d 216 (Pa. 2007), further upheld the discretion of the trial court in evaluating the evidence presented at the trial stage, ruling that

> we believe it is appropriate for courts, at the summary judgment stage, to make a reasoned assessment concerning whether, in light of the evidence concerning frequency, regularity, and proximity of a plaintiff's . . . asserted exposure, a jury would be entitled to make the necessary inference of a sufficient causal connection between the defendant's product and the asserted injury.

<u>Id.</u> at 227. The <u>Gregg</u> court adopted a fact sensitive approach regarding the sufficiency of product identification evidence.

Moreover, "the plaintiff's exposure to each defendant's product should be independently evaluated when determining if such exposure was a substantial factor in causing the plaintiff's injury." Tragarz v. Keene Corp., 980 F.2d 411, 425 (7th Cir. 1992)(discussed by Gregg court in setting out the product identification criteria in Pennsylvania).

As set forth below, Plaintiff has failed to raise a genuine issue of material fact as to whether Mr. Travis was exposed to asbestos-containing products manufactured by UGL. Each of UGL's objections to the Magistrate Judge Angell's report and recommendation will be addressed in turn.

    A.    The Report and Recommendation overlooked Mr. Travis' direct and implied identification of Defendant UGL, UGL's joint compound and spackle, and evidence establishing that Defendant's product contained asbestos.

Plaintiff argues that Mr. Travis was not identifying wallboard when referring to UGL's product, but instead was referring to a process called "wallboarding" which involves the use of joint compound. (Pl.'s Objections, doc. no. 141 at 2). UGL did manufacture joint compounds. Id. Plaintiff avers that UGL only made joint compound for construction purposes and that this joint compound contained asbestos during the time Mr. Travis

7

testified to using the joint compound. Id. at 3. Plaintiff contends that Mr. Travis referred to UGL as a manufacturer of joint compounds at various times in his deposition, but Plaintiff's argument distorts the deposition testimony. Mr. Travis did identify a company in Scranton as the manufacturer of joint compounds he worked with; however, he identified Gypsum as this manufacturer. (Travis Depo. at 308). Also, Mr. Travis identified "G-E-L," a company in Scranton, Pennsylvania as the manufacturer of wallboard or drywall he worked with. Id. at 319-20.

At no point in his deposition did Mr. Travis identify UGL as the manufacturer of any joint compounds he worked with. The parties agree that UGL did not manufacturer wallboard, drywall, or sheetrock, but did manufacture joint compounds. There is no evidence that Mr. Travis worked with UGL joint compounds.

B. Plaintiff argues that Plaintiff did not receive its opportunity to explain critical factual issues at oral argument.

Plaintiff argues that if he had the opportunity to explain certain terminology common to the construction business at oral argument, Plaintiff's argument in opposition to Defendant's motion for summary judgment would have been even stronger. (Pl.'s Objection at 2).

As indicated above, Mr. Travis never identified UGL as a manufacturer of joint compound.  When Mr. Travis was asked to identify manufacturers of joint compound, he was able to do so and never mentioned UGL as such a manufacturer.  Therefore, any confusion in terms is irrelevant.  This Court does not see how oral argument could change Mr. Travis' deposition testimony.

IV.  CONCLUSION

Each of Plaintiff's objections to Magistrate Judge Angell's R&R are overruled.  The Court adopts Magistrate Judge Angell's R&R granting Defendant UGL's motion for summary judgment.

An appropriate order follows.