IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI) | : : : : | Consolidated Under MDL DOCKET NO. 875 |
| FRANCES BRUCE TRAVIS, | : : | |
| Plaintiff, | : : | Case No. 09-70104 |
| v. | : : | |
| 3M CO., ET AL., | : : : | Transferred from the Southern District of New York |
| Defendants | : | |

**M E M O R A N D U M**

EDUARDO C. ROBRENO, J.                                NOVEMBER 29, 2010

Before the Court is the report and recommendation ("R&R") issued by Magistrate Judge M. Faith Angell and Plaintiff's objections thereto. Magistrate Judge M. Faith Angell recommends that the Court grant Globe Manufacturing Co., LLC's ("Globe") motion for summary judgment. Federal jurisdiction in this case is based on diversity of citizenship under 28 U.S.C. § 1332. The issue before the Court is product identification.

I.   BACKGROUND

Plaintiff Francis Bruce Travis ("Plaintiff") filed this action in the Supreme Court of the State of New York, alleging that Mr. Travis developed mesothelioma as a result of exposure to asbestos-containing materials while employed by the U.S. Navy at Naval Air Station New York ("NASNY") from 1957 until 1962. (R&R

1

at 1-2). The action was subsequently removed to the United States District Court for the Southern District of New York, and transferred to the Eastern District of Pennsylvania as part of MDL-875 on June 12, 2009. (Transfer Order, doc. no. 1).

Plaintiff contends that he was exposed to Globe asbestos-containing fire suits while serving as a firefighter at the NASNY. (R&R at 2). Mr. Travis testified that part of his protective gear was a "turn-out coat." (Id. at 3). He wore two different coats as protective gear, one as part of his crash gear and one as part of his structural firefighting gear. (Id.). He testified that Globe was the manufacturer of the structural firefighting gear. (Id.; Travis Depo., doc. no. 124-2 at 217, 226). He testified that the coat which was part of his structural gear contained reflective tape manufactured by 3M Co. and that the tape contained asbestos. (R&R at 4; Travis Depo. at 325-26). Mr. Travis also testified that he was given used crash gear, including a used turn-out coat, which contained asbestos and was probably manufactured by Globe. (R&R at 4; Travis Depo. at 220, 224). Mr. Travis claimed that people in the Navy told him that his gear contained asbestos. (R&R at 4).

Globe argues that it never sold aluminized crash gear turn-out coats which contained asbestos and never sold any firefighter protective gear containing asbestos. (Id. at 5). According to Douglas Towle, Vice President of Globe, Globe sold two types of

gear to distributors, structural firefighting suits and "approach suits." (Id. at 6). Mr. Towle testified that aluminized approach suits made up less than five percent of Globe's product line. (Towle Depo. at 66-67).

For a brief period of time beginning in 1960, Globe experimented with a new material in its aluminized crash gear. (Id. at 6). This "Type 73 material" was supplied by 3M Co. (Id.). It was supplied to limited customers at no charge and was never sold or included in any production line because it did not perform well. (Id.). In 1958, Globe used an aluminized rayon material purchased from 3M Co. to make approach fire gear. This was Type 82 material. (Id.). Globe sent a swatch of this material to be chemically tested and the results confirmed that asbestos could not be present in the sample. (July 19, 2010 Test Report, doc. no. 132).

Mr. Towle testified that Globe never sold products directly to the government and that when someone in the military wore a Globe product, it would have been purchased from the inventory of a Globe supplier to meet an urgent need. (Towle Depo., doc. no. 103-1 at 57-58). Moreover, most Globe distributors did not stock approach suits because they were expensive and so any suits which went to the military were likely structural suits. (Id. at 60, 62-63).

Plaintiff submitted two advertising sections from August

1959 and July 1970 of Fire Engineering magazine, where Globe was listed as a manufacturer of asbestos-containing coats. (Doc. Nos. 124-15 and 124-16). In his deposition, Mr. Trowle testified that this was likely an administrative error. (Trowle Depo. at 86-87).

Globe moved for summary judgment, arguing that Globe never incorporated asbestos into its aluminized crash coats and never sold any firefighter protective gear containing asbestos. (Def.'s Mot. Summ. J, doc. no. 103 at 3). Magistrate Judge M. Faith Angell issued her R&R on September 28, 2010, granting Globe's motion for summary judgment.

Plaintiff raises two objections to Magistrate Judge Angell's R&R. First, Plaintiff argues that he has submitted clear proof overlooked by the R&R demonstrating that Globe used asbestos-containing material in its fire suits during the time Mr. Travis wore Globe fire suits. Second, Plaintiff argues that the R&R improperly considered Globe's testing results of its fire suit material without allowing Plaintiff the opportunity to contest the testing method or to test the fabric itself.

For the reasons set forth below, Plaintiff's objections are overruled, and this Court adopts Magistrate Judge M. Faith Angell's R&R granting Globe's motion for summary judgment.

II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 636(b)(1)(C), "a judge of the Court

shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made. A judge of the Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

When evaluating a motion for summary judgment, Federal Rule of Civil Procedure 56 provides that the Court must grant judgment in favor of the moving party when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact . . . ." Fed. R. Civ. P. 56(c)(2). A fact is "material" if its existence or non-existence would affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue of fact is "genuine" when there is sufficient evidence from which a reasonable jury could find in favor of the non-moving party regarding the existence of that fact. Id. at 248-249. "In considering the evidence the court should draw all reasonable inferences against the moving party." El v. SEPTA, 479 F.3d 232, 238 (3d Cir. 2007).

Although the initial burden is on the summary judgment movant to show the absence of a genuine issue of material fact, 'the burden on the moving party may be discharged by showing – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case' when

5

the nonmoving party bears the ultimate burden of proof." Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 140 (3d Cir. 2004) (quoting Singletary v. Pa. Dep't of Corr., 266 F.3d 186, 192 n.2 (3d Cir. 2001)). Once the moving party has thus discharged its burden the nonmoving party "may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in [Rule 56] – set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

III. DISCUSSION

To establish proximate cause for an asbestos injury under New York law, a plaintiff must demonstrate that he was exposed to the defendant's product and that it is more likely than not that the exposure was a substantial factor in causing his injury. See Johnson v. Celotex Corp., 899 F.2d 1281, 1285-86 (2d Cir. 1990). Jurors are instructed that an act or omission is a "substantial factor . . . if it had such an effect in producing the [injury] that reasonable men or women would regard it as a cause of the [injury]." Rubin v. Pecoraro, 141 A.D.2d 525, 527 (N.Y. App. Div. 1988). A particular defendant's product need not be the sole cause of injury. However, a plaintiff "must produce evidence identifying each [defendant]'s product as being a factor in his injury." Johnson, 899 F.2d at 1286.

6

As set forth below, Plaintiff has failed to raise a genuine issue of material fact as to whether Mr. Travis was exposed to asbestos-containing products manufactured by Globe. Each of Globe's objections to the Magistrate Judge's report and recommendation will be addressed in turn.

> A. Plaintiff has submitted clear proof overlooked by the R&R demonstrating that Globe used asbestos-containing material in its fire suits during the time that Mr. Travis wore Globe fire suits

Globe has presented evidence that the only time it sold asbestos-containing coats was when it experimented with the "73 material" for a short amount of time. Globe never sold any coats containing the "73 material," but provided them to some customers at no charge on an experimental bases. Globe did not supply products directly to the U.S. Navy, but may have supplied an asbestos-containing coat containing the "73 material" to a customer who in turn supplied the coat to the U.S. Navy. However, as the 73 material was used in on an experimental basis in crash gear and crash gear made up less than five percent of Globe's production line, any finding that Mr. Travis wore a fire suit made with "73 material" would be based on speculation.

Plaintiff presents the excerpts from <u>Firefighter Engineering</u> listing Globe as a manufacturer of asbestos-containing coats.

7

Even if Globe was correctly listed as a manufacturer of asbestos-containing coats in this magazine, this does not establish that Mr. Travis was ever exposed to a Globe coat which contained asbestos.

      B.    The R&R improperly considered Globe's testing results of its fire suit material without allowing Plaintiff the opportunity to contest the testing method or to test the fabric itself.

Defendant argues that the test was produced pursuant to Plaintiff's request on or about July 20, 2010 and that Plaintiff decided not to take further action at that time. (Pl.'s Response, doc. no. 143 at 5). Plaintiff has not made any specific objections as to any flaws in Defendant's test results. This Court overrules Plaintiff's objection that the test should be rejected as Plaintiff chose not to contest the results.

IV. CONCLUSION

Each of Plaintiff's objections to the Magistrate Judge Angell's R&R are overruled. The Court adopts Magistrate Judge Angell's R&R granting Defendant Globe Manufacturing Co. LLC's motion for summary judgment.

An appropriate order follows.